UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENATA A. PIATEK,

    Plaintiff,

  v.

STANISLAW W. PIATEK,

    Defendant.

CASE NO. C05-463C

ORDER

This matter comes before the Court on Plaintiff Renata Piatek's Motion for a Temporary Restraining Order ("TRO") (Dkt. No. 5). The Court has carefully considered the papers filed by the parties and has determined that oral argument is unnecessary. For the following reasons, the Court hereby REMANDS the case to state court.

A court may only issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1984). In his Notice of Removal, Defendant cites 28 U.S.C. § 1332(a)(2) and asserts that this Court should exercise diversity jurisdiction because Plaintiff is domiciled in Washington state, and he is domiciled in Poland.[1] Under § 1332(a)(2), diversity jurisdiction exists if an action is between "citizens of a State, and citizens or subjects

---

[1] Plaintiff does not object to jurisdiction.

ORDER – 1

of a foreign state." Thus, merely being domiciled in Poland is not sufficient for Defendant, a United States citizen, to establish the required diversity of citizenship to invoke federal jurisdiction. *See Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995).

Furthermore, even if the parties are truly diverse, the domestic relations exception to diversity jurisdiction precludes this Court from ruling on this action. To determine whether a federal court has jurisdiction in cases concerning divorce, alimony, or child custody, a court looks to the "primary issue" in controversy. *See Ankenbrandt v. Richards*, 504 U.S. 689, 693-695 (1992); *Csibi v. Fustos*, 670 F.2d 134, 138 (9th Cir. 1982). If the primary issue concerns the status of the spouses, a federal court may not exercise jurisdiction. *Csibi*, 670 F.2d at 138. Although the issue immediately before the Court is the maintenance of community property, the Court finds that the primary issue in this action is the parties' dissolution. Thus, it would be improper for this Court to exercise jurisdiction.

Accordingly, the Court hereby REMANDS this action to state court for further proceedings.

SO ORDERED this __20th__ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 2